## No. 9068.

### DENVER & RIO GRANDE RAILROAD COMPANY *v.* WHEATLEY.

1. RAILWAY COMPANY—*Fencing Track—Statute Construed.* Under chapter 135 of the Acts of 1911 injury by a locomotive to an animal upon the tracks of a railway is *prima facie* evidence of negligence.

2. DAMAGES—*Must be Established, by Evidence,* that the plaintiff a layman ignorant of the rules of procedure in court of justice assumed to manage his own cause affords no ground to relieve against the effect of this omission.

*Error to Pitkin County Court, Hon. James J. Flinn, Judge.*

Mr. E. N. CLARK and Mr. GEO. A. LUXFORD, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

THIS action was brought by Wheatley in a justice of the peace court, against the Denver and Rio Grande Railroad Company, to recover damages claimed to have been occa-

sioned by one of the company's trains, which it is alleged ran into and injured his cow.

1. There are no written pleadings. A trial in the County Court on appeal resulted in a judgment for plaintiff, and defendant brings the case here on error. Plaintiff was not represented in the court below by counsel and does not appear here.

It is the contention of the company that no negligence was shown on the trial; that the evidence does not support the judgment; and that there is no proof of any damage.

Plaintiff's evidence was very meager and unsatisfactory; but defendant supplemented it by showing that the animal was struck and shoved off the track by one of its engines.

The stock killing statute, S. L. 1911, p. 400, contains among others, the following provisions:

Section 1 requires every railroad company to fence its railroad and to construct and maintain cattle guards at public crossings amply sufficient to prevent livestock from getting on the railroad, except within the limits of incorporated towns and cities, the yard limits of established stations, or at public road and highway crossings.

Section 2 makes every railway company failing to enclose its railroad with such fences and guards, absolutely liable for all live stock, running at large, killed or injured by the engines or cars of the company.

Section 3 provides, if the railroad is enclosed with good and sufficient fences capable of keeping animals off the track, the company may plead and prove the same as a defense to any action for animals killed within the enclosure.

Section 4 makes the killing or injury of an animal by coming in contact with any engines or cars, *prima facie* evidence of negligence, and says the company shall be liable for the full damages occasioned by the killing or injury of such animal, unless it shall affirmatively show that the killing was not caused by its negligence.

. This statute makes the mere happening of such an accident, *prima facie* evidence of negligence on the part of the

railroad company, and when the evidence established that plaintiff's animal was injured on the railroad track by an engine of the defendant, a *prima facie* case of negligence was made, and plaintiff could recover the amount of dam-ages proven.   The company did not overcome this *prima facie* case or presumption of negligence by presenting and establishing by competent proof, any of the defenses which the statute says it may interpose to such an action.   It was the duty of the defendant to introduce any evidence it had, showing why plaintiff should not recover on the prima facie case made.   It failed to offer any testimony to the effect that it had complied with the statute; there-fore, the objection that no negligence was shown, is without merit.

2.   The next assignment, that the evidence is insufficient to support the judgment, will have to be sustained, because the record is silent as to the amount of damages.   Had there been any competent evidence to sustain the finding of the court upon this point, we would affirm the judgment. The case furnishes an illustration of the unfortunate situa-tion which almost invariably arises when a layman at-tempts to conduct his own case in court.   Of necessity he is ignorant of the legal rules of practice and procedure which must be observed and followed in the trial of cases. but we cannot, because of that fact, disregard and set them aside.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Chief Justice Hill and Mr. Justice Scott concur.